IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

V'NELL LEE MISKELL, #102783                                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO.  2:14-cv-172-KS-MTP

FORREST COUNTY JAIL
and FORREST COUNTY                                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff V'Nell Lee Miskell, an inmate incarcerated at the Forrest County Jail, Hattiesburg, Mississippi, files this *pro se* complaint [1] pursuant to 42 U.S.C. § 1983.  The named Defendants are Forrest County Jail and Forrest County, Mississippi.  Upon liberal review of the complaint [1] and Plaintiff's response [7], the Court comes to the following conclusions.

Plaintiff complains that his legal mail was opened outside his presence.  Compl. [1] at 4.  The Court entered an order [6] directing the Plaintiff to provide additional information concerning his claim.  Plaintiff filed his response [7] stating that the "law & constitutional rights/policy state [that] legal mail must be open[ed] in my presence."  Plaintiff further states in his response [7] that the incident occurred on October 10, 2014, and that he was not harmed.  Additionally, Plaintiff states that he is not alleging that he was denied access to the courts as a result of his legal mail being opened outside his presence.  Pl.'s Resp. [7].

I.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any

time if the court determines that . . . (B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court entered an order [5] on October 31, 2014, granting Plaintiff's request to proceed *in forma pauperis.* Because the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his complaint [1] is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable 42 U.S.C. § 1983 claim, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

The Forrest County Jail is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983. *See, e.g.*, *Irvin v. Borough of Darby*, 937 F. Supp. 446, 450 (E.D. Pa. 1996) (holding that municipal departments are not "persons" under section 1983 since they are merely an arm of the local municipality). Defendant Forrest County Jail is merely a department of the county. *See id*. As such, Plaintiff cannot maintain this civil action against Defendant Forrest County Jail.

The United States Court of Appeals for the Fifth Circuit has recognized that a prisoner may have stated a constitutional violation of his First Amendment right to free speech or his Sixth Amendment right of access to the courts when claiming that a prison official interfered with his legal mail. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The Fifth Circuit further held, however, that such rights does not preclude prison

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

officials from examining mail to ensure that it does not contain contraband.  *Id*. at 822 (finding a prisoner's "freedom from censorship" under the First Amendment . . . with regard to his incoming mail "is not the equivalent of freedom from inspection or perusal") (citing *Wolff v. McDonnell*, 418 U.S. 539, 576) (1974)).  Moreover, "the violation of the prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights." *Id*.  at 825.

Plaintiff complains that his legal mail was opened outside of his presence.  Because it is well settled that an inmate does not have a constitutional claim if his incoming legal mail is opened outside of his presence, even if such an inspection violated a prison regulation, Plaintiff's claim does not rise to a level of constitutional deprivation.  *See Singletary v. Stalder*, 273 F.3d 1108 (5th Cir. 2001) (stating that pursuant to the Fifth Circuit's holding in *Brewer* "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected").  Moreover, Plaintiff states in his response [7] that he was not harmed or prejudiced in any way when his legal mail was opened outside of his presence and that he is not asserting a claim that he has been denied access to the courts.  With this in mind, this Court finds that Plaintiff's allegations do not establish a constitutional deprivation.  *See Sanders v. Carnley*, 100 F. App'x 236, 237 (5th Cir. 2004) (determining plaintiff's claim that his incoming legal mail was opened outside his presence by a prison official was insufficient to establish a denial of access to the courts claim).

**II.     Conclusion**

As explained above, Plaintiff cannot maintain the instant civil action against Defendant Forrest County Jail.  Furthermore, because Plaintiff's claim that his incoming legal mail was

opened outside of his presence does not allege a constitutional violation, this complaint will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 21st day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE